HALL, Judge.
Appellees were subpoenaed to testify before the Pasco County Grand Jury, which was investigating abuse of legal authority by the Pasco County Sheriff’s office. Ap-pellees were granted use immunity pursuant to section 914.04, Florida Statutes (1983), by virtue of their testimony before the grand jury on August 22, 1984. The same grand jury indicted appellees on October 24, 1984.
Pursuant to appellees’ motion to dismiss the indictments, the trial court held a hearing on June 21, 1985. At that hearing, the trial court considered exhibits provided by appellant of testimony heard by the grand jury prior to defendants’ appearances and heard argument of counsel. On July 16, 1985, the trial court entered a very comprehensive order in which it held that: “The State, in this case, has met its burden of proving affirmatively that evidence is available at trial, derived from a legitimate source wholly independent of the compelled grand jury testimony, subject to such further hearings during trial as may be required when questioned evidence becomes identifiable.” But the trial court went on to hold that the state had failed to prove that its evidence was not tainted by the compelled grand jury testimony and that the compelled grand jury testimony of these defendants has or may have clouded or otherwise impermissibly affected the result of the grand jury proceedings. The trial court dismissed the indictments, suggesting that the state should either file an information or seek indictment from another grand jury.
In appealing that order, the state contends that, though a witness’s immunized testimony may not be used against him, he may be indicted so long as there is an independent source for all evidence to be introduced to prove the crime. Although we agree with this broad statement, it is not applicable in this case.
Both parties to the action present conflicting interpretations of the case law on the dispositive issue. Appellant correctly contends that the strict per se dismissal of an immunized witness’s indictment as required by United States v. Hinton, 543 F.2d 1002 (2nd Cir.1976), has not been found to be constitutionally required. United States v. Zielezinski, 740 F.2d 727 (9th Cir.1984).
We agree with appellant’s contention and cannot adopt the strict per se rule of Hinton which requires the dismissal of any indictment by a grand jury that had heard testimony from an immunized witness, even though the state could prove that the indictment rested upon wholly independent sources. This, in effect, would result in full immunity for the offense to which the compelled testimony relates and in consid *81 erably broader protection than granted by the fifth amendment privilege.
In view of the constitutional privilege, the standard which we adopt must afford absolute immunity against future prosecution based upon the answers elicited from the immunized witness. It must prohibit the prosecutorial authorities from using the compelled testimony in any respect. The state must not only prove that the evidence it proposes to use is derived from a legitimate source, wholly independent of the compelled testimony, but that the use of the testimony or the fact of the testimony has not tainted or influenced the grand jury indictment.
The application of this standard must necessarily fall to the trial judge. If the trial judge can find from the evidence presented that the grand jury could have been influenced by the immunized testimony then a grand jury indictment should not stand.
Although it is not impossible to have a grand jury indict an immunized witness who testifies before it, prosecutors should not encourage grand juries to indict such a witness, even if proper, because such indictment appears to be tainted. Preferably, the state should either file an information directly or seek to impanel a new grand jury to review the evidence and issue the indictment.
In the instant case we find that the trial court correctly assessed the indictment as tainted. We perceive that there is a great burden on the prosecutor to demonstrate independent evidence for indictment as well as lack of taint because of the immunized testimony. The satisfaction of such a standard is properly ascertained on a case by case basis by trial courts.
Affirmed.
CAMPBELL, A.C.J., and FRANK, J., concur.